STATE OF MAINE                                 SUPERIOR COURT
ANDROSCOGGIN, ss.                              CIVIL APPEAL
                                               DOCKET NO. AP-08-08

RECEIVED & FILED

BARE G. ALI,

NOV 21 2008

    Petitioner

ANDROSCOGGIN
SUPERIOR COURTDECISION AND ORDER

v.

MAINE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    Respondent

## BEFORE THE COURT

This matter comes before the court on the respondent's motion to dismiss the petitioner's Rule 80C appeal on jurisdictional grounds. The facts relating to the jurisdictional issue do not appear to be in dispute.

## DISCUSSION

Pursuant to Maine's Administrative Procedure Act (APA), this court may review final agency action or the failure or refusal of an agency to act. 5 M.R.S. § 11001 (2007); *see also* M.R. Civ. P. 80C. "Final agency action" is defined in the APA as "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." *Id.* at § 8002(4) (2006).

Under Maine law, the Department, prior to taking action to collect a support obligation, must notify the person owing the obligation and provide an

administrative hearing for contesting the obligation. The Department begins by sending a Notice of Debt to the responsible parent. 19-A M.R.S.A. § 2352. The issues that may be contested at the administrative hearing are limited by statute, but include uncredited cash payments and the amount of the debt, which are apparently what the petitioner raised or challenged at the hearing. 19-A M.R.S.A. § 2352(G). The Department may not commence the action to collect the debt until 20 days after the date of receipt of the Notice of Debt.

In this case, the Notice of Debt was sent and an administrative hearing was held over the course of two days. The Department issued its decision concerning the amount of the debt on March 26, 2008. In a letter dated April 10, 2008 and addressed to the Department, Ali sought a reopening of the hearing on the grounds that he did not get notice of the second hearing date of March 5, 2008. (A hearing was held on January 23, 2008 but the record was left open and was to be reconvened. When it was reconvened on March 5, 2008, the Petitioner failed to appear. Petitioner contends that he did not receive notice of the second hearing date.) The Department issued on April 16, 2008 its decision that it did not find good cause to reopen the hearing.

The petitioner filed in the Superior Court this appeal "to reopen a hearing on the case between me and the Maine Department of Health and Human Services." That decision dated April 16, 2008 provided that Ali had a right to appeal the decision to the Superior Court within 30 days from the date he received the Department's decision.[1] Ali does not claim in his opposition to the

---

[1] That decision is that the Hearing Officer did not find good cause to reopen the hearing.

Department's motion to dismiss that his appeal was timely or that he did not receive the decision in due course. Rather, he argues that he has proof that the amount the Department claims he owes is wrong and the court should settle this dispute "once and for all."

Rule 80C(b) provides: "The time within which a review of final agency action or the failure or refusal of an agency to act may be sought shall be as provided by 5 M.R.S.A. § 11002(3)." M.R.Civ.P. 80C(b). Section 11002(3) of the Administrative Procedures Act provides: "The petition for review shall be filed within 30 days after receipt of notice if taken by a party to the proceeding of which review is sought." 5 M.R.S.A. § 11002(3). The time limitations in the APA are jurisdictional. *Brown v. Dep't of Manpower Affairs*, 426 A. 2d 880, 888 (Me. 1981). Thus, the court does not have subject matter jurisdiction to review the Department's decision after the appeal period has run.

Although the court does not know the exact date that Ali received notice of the Department's March 26 decision, he had received the Department's decision by at least April 10, 2008, when he asked the Department to reopen the hearing. The court also does not know the exact date the Ali received the April 16 decision, but as discussed above, he does not claim that he received the decision late. His appeal to the Superior Court is dated May 16, 2008, but Ali did not actually file his appeal with the Superior Court until June 12, 2008. The Department's decision of April 16, 2008 clearly noted in boldface, capitalized letters that Ali had thirty days after his receipt of the decision in which to file an appeal to the Superior Court. By any measure he had failed to appeal in a timely fashion the March 26 decision, and this court concludes he failed to also file a timely appeal of the April 16 decision.

Assuming service of the decision by mail in the ordinary course, the appeal from the April 16 decision was required to be filed by May 19, 2008. A filing of the appeal on June 12, 2008 is simply too late. Having in mind that self-represented litigants are held to the same standards as represented litigants, this Court imputes to Ali, like any other litigant, whether represented or not, the knowledge of the filing requirements and the consequences of failing to comply with the filing requirements. Applying the 30-day filing requirement and adding three days for mailing, the appeal period had run by the time he filed his appeal on June 12, 2008.

## CONCLUSION

The defendant's motion to dismiss is GRANTED.

DATED: November 21, 2008

Joyce A. Wheeler, Justice